# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL M. SOARES,<br><br>    Plaintiff<br><br>v.<br><br>R. GUAJARDO, et al.,<br><br>    Defendants. | Case No. 2:14-cv-9651 FMO (GJS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint and all pleadings, motions, and other documents filed in this action, the Report and Recommendation of United States Magistrate Judge ("Report"), the parties' Objections to the Report, and the parties' Replies. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the Court has conducted a de novo review of those portions of the Report to which objections have been stated.

Defendants' first objection is based on the proposition that there can be no triable issue of fact regarding the April 9, 2014 incident at issue here, because: (1) they have a document (*i.e.*, a timecard) that supports their contention that Plaintiff was not at work on that day; and (2) Plaintiff relies solely on his own sworn testimony that he was at work and injured his back lifting a mop bucket on that day. Essentially, Defendants' position is that, for purposes of summary judgment,

documents always trump testimony, period. Defendants' position is not persuasive. Moreover, Plaintiff proffered several plausible factual scenarios (supported by medical records) that the trier of fact might find credible. Under Rule 56, the Court need not resolve which factual argument is more persuasive at this juncture; rather, these factual disagreements only confirm that whether Plaintiff worked and was injured on April 9, 2014 is a disputed question of material fact that is not resolvable on summary judgment.

Defendants next repeat the same argument that permeated their papers, namely, that because Defendants chose to disbelieve Plaintiff, they cannot be held liable for deliberate indifference. Defendants' position is that a correctional officer's choice – no matter how unreasonable or indefensible – essentially immunizes him or her from any liability from the consequences of that choice, including resulting harm to an inmate. Defendants' view of the Eighth Amendment is untenable. Plainly, actual knowledge of an obvious risk and an attendant failure to take steps to address the obvious risk can constitute deliberate indifference. Defendants' view that they can insulate themselves from liability by making a "choice" not to believe someone is particularly indefensible under the facts of this case. As Plaintiff correctly points out in his Objections, attached to the Complaint is a chrono dated April 1, 2014,[1] signed by Dr. Pido, the same doctor that completed Plaintiff's subsequent chronos.[2] This chrono is virtually identical to the subsequent

---

[1] As Plaintiff points out, the April 1, 2014 chrono is not addressed in the Report. While the Court is accepting the Report, it does so acknowledging the existence of the April 1, 2014 chrono, which does not alter the conclusion of the Report.

[2] Defendants make a general objection that exhibits attached to the Complaint are hearsay and unauthenticated. [Defs.' Objections at p.3, n.1.] It is unclear which exhibits Defendants are referring to, as the cite provided does not include any references to the Complaint. Nonetheless, these objections are overruled. It cannot reasonably be disputed that the records in question are Plaintiff's medical records from his prison file. Those records are created and maintained by prison officials. In addition, it would be an abuse of this Court's discretion to refuse to consider

chronos Plaintiff received and was prepared *before* Defendants Schram and Guajardo allegedly checked Plaintiff's medical record and, having done so, concluded that Plaintiff's complaints of pain and possible injury were not worthy of belief, because he purportedly did not have a medical chrono. Defendants do not address this critical document in their Reply (or indeed anywhere in their summary judgment papers). The existence of the April 1, 2014 chrono only serves to underscore that Defendants' choice to ignore Plaintiff's complaints of pain and suffering does not exempt them from liability under the Eighth Amendment, as this document, if credited by the trier of fact, refutes Defendants' claim that Plaintiff did not have a medical chrono before the two events in question and, thus, they were justified in disregarding his complaints.

With respect to the Magistrate Judge's qualified immunity analysis, Defendants attempt to make factual distinctions that are of no merit. The law clearly states that prison officials violate the Eighth Amendment by compelling prisoners to "perform physical labor which is beyond their strength, endangers their lives or health, or causes undue pain." *Berry v. Bunnell*, 39 F. 3d 1056, 1057 (9th Cir. 1994). Defendants' contention that qualified immunity always applies unless a case exists with identical factual circumstances is incorrect. Rather, a "case directly

---

evidence offered by a *pro se* Plaintiff at the summary judgment stage. *Thomas v. Porter*, 611 F.3d 1144, 1149-1150 (9th Cir. 2010) (finding pro se inmates exempt strict compliance with summary judgment rules); *Fraser v. Goodale,* 342 F.3d 1032, 1036-37 (9th Cir. 2003) (holding that the district court properly considered a diary which defendants moved to strike as inadmissible hearsay because "[a]t the summary judgment stage, we do not focus on the admissibility of the evidence's form. We focus instead on the admissibility of its contents."); *Johnson v. Meltzer,* 134 F.3d 1393, 1399-1340 (9th Cir. 1998) (reversing and remanding for consideration of the pro se plaintiff's verified motion as an affidavit in opposition to summary judgment); *see also, e.g., Fryman v. Traquina,* No. CIV 07-2636 JAM DAD, 2009 WL 113590 at *11 n. 5 (E.D. Cal. Jan. 15, 2009) (overruling defendants' objections to plaintiff's medical records because they constitute hearsay, lack foundation and are not properly authenticated). Plaintiff will have adequate time to authenticate any documents that he wishes to introduce at trial.

on point" is not required, as long as "existing precedent must have placed the statutory and constitutional question beyond debate." *Mullinex v. Luna*, 136 S. Ct. 305, 308 (2015) (quoting *Ashcroft v, al-Kidd*, 563 U.S. 731, 741).  Accordingly, before the events at issue in this case, the law was sufficiently clear that a reasonable prison official would or should have understood that ignoring evidence indicating that an inmate would suffer physical pain as a result of working and compelling the inmate to continue working nonetheless or face being disciplined would violate the Eighth Amendment.

Finally, Plaintiff's Objections do not articulate sufficient evidence to establish that a triable issue of fact exists as to Defendant Hernandez, for whom the Magistrate Judge recommends granting Defendant's Motion for Summary Judgment.

Nothing in the parties' respective Objections alters or calls into question anything set forth in the Report.  Having completed its review, the Court accepts the findings, recommendations, and conclusions set forth in the Report.  Accordingly, **IT IS ORDERED** that:

(1) Plaintiff's Motion for Summary Judgment [Dkt. 69] is DENIED;

(2) Defendants' Cross-Motion for Summary Judgment as to Defendants Schram and Guajardo [Dkt. 82] is DENIED; and

(3) Defendants' Cross-Motion for Summary Judgment as to Defendant Hernandez [Dkt. 82] is GRANTED.

**IT IS SO ORDERED.**

DATE:  February 21, 2018  _____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE